Filed 3/14/18; Certified for Publication 4/9/18 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARIO ARTURO BARBOZA,<br><br>    Defendant and Appellant. | A150888<br><br>(San Francisco County<br>Super. Ct. No. SCN216914) |

## INTRODUCTION

Defendant Barboza argues his robbery conviction should be reversed and remanded to juvenile court pursuant to Proposition 57, which abolished the direct filing of criminal charges against juveniles in adult criminal court.  Our Supreme Court's recent decision in *People v. Superior Court (Lara)* (2018) 4 Cal.5th 299 (*Lara*) vindicates defendant's position that Proposition 57 is retroactive.  However, defendant does not benefit from *Lara* because the judgment in his case is final.

## STATEMENT OF THE CASE

On November 29, 2011, the San Francisco District Attorney filed a multi-count information in superior court charging Barboza with various felonies and enhancement allegations.  On July 1, 2016, pursuant to a negotiated disposition, Barboza pleaded guilty to one count of robbery (Pen. Code, § 211) and admitted an armed-with-a-firearm allegation (Pen. Code, § 12022, subd. (a)(1)).  The remaining counts and enhancement allegations were dismissed by the court on the prosecution's motion.  The information,

filed directly in adult court, alleged that at the time of the commission of the offense, defendant was a minor 16 years of age or older within the meaning of Welfare and Institutions Code section 707, former subdivision (d)(1).)

On July 25, 2016, the trial court imposed a six-year prison sentence, suspended execution of that sentence, and placed defendant on formal probation for five years on various terms and conditions. Defendant did not appeal.

On November 8, 2016, the voters approved Proposition 57, which repealed section 707, former subdivision (d) (Prop. 57, § 4.2, as approved by voters, Gen. Elec. (Nov. 8, 2016), eff. Nov. 9, 2016) and now requires "a judge, not a prosecutor, to decide whether juveniles should be tried in adult court." (Voter Information Guide, Gen. Elec. (Nov. 8, 2016) text of Prop. 57, Public Safety and Rehabilitation Act of 2016, § 2, p.141; § 707, subd. (a)(1).) On December 8, 2016, defendant filed a motion requesting his case be remanded to the juvenile court on the ground that Proposition 57's repeal of section 707, subdivision (d) applies retroactively to minors whose nonfinal convictions rest on charges directly filed in adult court. The motion was denied. Defendant timely appeals.[1]

## DISCUSSION

In *Lara*, *supra*, 4 Cal.5th 299, our Supreme Court held the rationale of *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*) and *People v. Francis* (1969) 71 Cal.2d 66 applies to a statutory change that makes reduced punishment possible. (*Lara*, at p. 303.) "The possibility of being treated as a juvenile in juvenile court—where rehabilitation is the goal—rather than being tried and sentenced as an adult can result in dramatically different and more lenient treatment. Therefore, Proposition 57 reduces the possible punishment for a class of persons, namely juveniles. For this reason, *Estrada*'s inference of retroactivity applies. As nothing in Proposition 57's text or ballot materials rebuts this inference, we conclude this part of Proposition 57 applies to all juveniles charged directly

---

[1] As the facts underlying defendant's conviction are not relevant to the issue raised on appeal, we do not summarize them.

2

in adult court whose judgment was not final at the time it was enacted." (*Id*. at pp. 303–304.)

 *Lara* does not help defendant because the judgment in his case is final. When a trial court imposes a state prison sentence and suspends execution of that sentence during a probationary period, the judgment rendered is a final judgment for the purposes of appeal. (*People v. Amons* (2005) 125 Cal.App.4th 855, 869–870; *People v. Chagolla* (1984) 151 Cal.App.3d 1045, 1050–1051, cited with approval in *People v. Howard* (1997)16 Cal.4th 1081, 1088 (*Howard*).) "For purposes of the *Estrada* rule, a judgment is 'not final so long as the courts may provide a remedy on direct review [including] the time within which to petition to the United States Supreme Court for writ of certiorari.' " (*People v. Diaz* (2015) 238 Cal.App.4th 1323, 1336; see *People v. Smith* (2015) 234 Cal.App.4th 1460, 1465.) In this case, the time for filing an appeal expired 60 days after July 25, 2016, the date the court imposed sentence, i.e., September 26, 2016. Defendant did not appeal. Therefore, his conviction became final before Proposition 57 went into effect on November 9, 2016.

 Defendant argues in his reply brief that because *People v. Karaman* (1992) 4 Cal.4th 335 permits the trial court to retain the jurisdiction to vacate or modify a sentence that has not yet been executed, his sentence was not final for *Estrada* purposes. We disagree. In *Howard*, *supra*, 16 Cal.4th 1081, our Supreme Court "acknowledged a narrow exception to the general rule depriving the court of authority to modify a sentence once it has been imposed and entered in the clerk's minutes" when there is a brief stay to permit the defendant to get his affairs in order. (*Howard*, at p. 1088.) However, *Karaman* did not change the sentencing rules pertaining to "the court's power to modify an imposed sentence, long ago final in terms of appealability, execution of which the court had suspended during a probationary period." (*Id.* at p. 1090, see p. 1092.) *Karaman* has no application to this case.

3

**DISPOSITION**

The judgment is affirmed.

_____
Dondero, J.

We concur:


_____
Humes, P. J.


_____
Banke, J.

_A150888  People v. Barboza_

5

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARIO ARTURO BARBOZA,<br><br>    Defendant and Appellant. | A150888<br><br>(San Francisco County<br>Super. Ct. No. SCN216914)<br><br>ORDER CERTIFYING OPINION<br>FOR PUBLICATION<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

The opinion in the above-entitled matter, filed on March 14, 2018, was not certified for publication in the Official Reports. After the court's review of a request under California Rules of Court, rule 8.1120, and good cause established under rule 8.1105, it is hereby ordered that the opinion should be published in the Official Reports.

Dated: _____

Dondero, J.

Trial Court:  San Francisco County Superior Court

Trial Judge:  Hon. Rene Navarro

Counsel:

First District Appellate Project, Jonathan Soglin, Executive Director, L. Richard Braucher, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler and Jeffrey M. Laurence, Assistant Attorneys General, Laurence K. Sullivan and Donna M. Provenzano, Deputy Attorneys General, for Plaintiff and Respondent.

*A150888  People v. Barboza*