Filed 6/11/20

**CERTIFIED FOR PUBLICATION**


**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**


| | |
|---|---|
| THE PEOPLE, | |
|     Plaintiff and Respondent, | E072620 |
| v. | (Super.Ct.No. SWF017423) |
| ADRIAN GILBERT FEDERICO, | OPINION |
|     Defendant and Appellant. | |


APPEAL from the Superior Court of Riverside County. John M. Monterosso, Judge. Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Daniel J. Hilton, Deputy Attorneys General, for Plaintiff and Respondent.


1

In 2008, defendant and appellant Adrian Gilbert Federico entered a plea agreement and pled guilty to assault with a firearm. (Pen. Code,[1] § 245, subd. (a)(2), count 1.) He admitted that he personally used a firearm in the commission of the offense (§§ 12022.5, subd. (a) & 1192.7, subd. (c)(8)), personally inflicted great bodily injury (GBI) (§§ 12022.7, subd. (a) & 1192.7, subd. (c)(8)), and committed the offense for the benefit of a criminal street gang (§ 186.22, subd. (b)). In exchange, a trial court sentenced him to a total term of 20 years in state prison, consisting of three years on count 1, plus the midterm of four years on the personal firearm use enhancement, three years on the GBI enhancement, and 10 years on the gang enhancement.

Ten years later, the superior court received a letter from the California Department of Corrections and Rehabilitation (CDCR), recommending that the court recall and resentence defendant under section 1170, subdivision (d). The letter stated that the court should not have imposed both the GBI and gang enhancements in light of *People v. Gonzalez* (2009) 178 Cal.App.4th 1325 (*Gonzalez*). Defendant filed a motion agreeing with CDCR's recommendation and also requesting the court to apply Proposition 57 and transfer jurisdiction to the juvenile court (he was 15 years old at the time of the offense). The trial court declined to apply Proposition 57, since defendant's judgment was final long before Proposition 57 took effect. However, the court concluded it would provide him with *Gonzalez* relief. It resentenced him to 17 years in state prison, consisting of four years on count 1, plus three years on the GBI enhancement, and 10 years on the

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

personal firearm enhancement.  The court imposed but stayed the 10-year gang enhancement under section 654.

On appeal, defendant argues that the trial court erred in denying his request to apply Proposition 57 and/or Senate Bill No. 1391 (2017-2018 Reg. Sess.) and remand the matter to the juvenile court.  We affirm.

PROCEDURAL BACKGROUND

On April 18, 2008, defendant entered a plea agreement and pled guilty to assault with a firearm.  (§ 245, subd. (a)(2), count 1.)  He also admitted that he personally used a firearm in the commission of the offense (§§ 12022.5, subd. (a) & 1192.7, subd. (c)(8)), personally inflicted GBI (§§ 12022.7, subd. (a) & 1192.7, subd. (c)(8)), and committed the offense for the benefit of a criminal street gang (§ 186.22, subd. (b)).  In accordance with the agreement, the trial court sentenced him to a total term of 20 years in state prison, consisting of three years on count 1, plus the midterm of four years on the personal firearm use enhancement, three years on the GBI enhancement, and 10 years on the gang enhancement.

On September 24, 2018, the superior court received a letter from CDCR providing it with authority to recall defendant's sentence under section 1170, subdivision (d).  The letter recommended that defendant be resentenced in accordance with *Gonzalez, supra*, 178 Cal.App.4th 1325, in which the appellate court held that the trial court should not have imposed sentence enhancements under section 12022.7 *and* section 186.22, since they were both based on the infliction of GBI on the victim.  The *Gonzalez* court held that the imposition of both enhancements violated section 1170.1, subdivision (g), which

3

provides that "[w]hen two or more enhancements may be imposed for the infliction of great bodily injury on the same victim in the commission of a single offense, only the greatest of those enhancements shall be imposed for that offense." (*Gonzalez*, at p. 1329.)

Defendant filed a motion in response to the CDCR letter, agreeing that his sentence was unauthorized under *Gonzalez* and should be recalled. However, he also argued that the matter should be remanded to the juvenile court, pursuant to Proposition 57, for a hearing to determine if he was "a fit subject for consideration under the juvenile court law" (Welf. & Inst. Code, § 604, subd. (b)), then transferred to adult court, if needed. Defendant claimed that his Penal Code section 1170, subdivision (d), recall to correct his unauthorized sentence rendered his judgment not final; thus, Proposition 57 could be applied.

The People also filed a response to the CDCR letter, arguing that since the *Gonzalez* case did not involve a negotiated disposition, the court should not follow CDCR's recommendation to resentence defendant.

In a reply brief, defendant contended the People's argument should be rejected. He continued to claim the matter should be remanded to the juvenile court for a transfer hearing in light of Proposition 57. In the alternative, he argued he should be resentenced to a term of 10 years, in the interests of justice, pursuant to Senate Bill No. 1391.

The court held a hearing on the motion on February 20, 2019. It noted that *Gonzalez* came out about one year after defendant was sentenced and held that the enhancements under sections 12022.7, subdivision (a), and 186.22, subdivision (b)(1)(C),

4

could not both be imposed. Defense counsel argued that, once the court recalled the sentence, it could reconsider the entire sentence, not just the enhancements, even if the sentence was the result of a plea. Defense counsel contended that, in resentencing defendant, the court should consider every pertinent circumstance, including that if he were sentenced today, he would have remained in juvenile court, would have gone to the Department of Juvenile Justice, and would have been out of custody.

The prosecutor responded that this case involved a plea that was entered 11 years prior, and that the CDCR letter did not undo the finality of the earlier proceedings. He argued that section 1170, subdivision (d), was very limited in its scope and only allowed the court to cure what may have been an unauthorized sentence; however, it did not allow the court to undo everything and start all over again. The prosecutor further concluded that since this was a plea agreement, the court should fix the sentencing error and resentence him in a way that most closely resembled the sentence bargained for. Defense counsel did not think the court should give undue weight to the fact that defendant entered a plea agreement, and that it should consider changes in the law that had occurred since he entered the plea.

After considering the matter for a few days, the court held a continued hearing and found that defendant's judgment was "long final" at the time Proposition 57 was enacted, and it "remain[ed] final." The court declined to find that Proposition 57 applied, noting that the language of Proposition 57 did not address retroactivity. It then noted that it was recalling defendant's sentence, and it would be unfair for the plea bargain process to be completely undermined by it now engaging in weighing and reweighing factors that were

5

not part of the bargained-for process. The court stated its intention was to restructure the plea bargain to reflect as closely as possible the intentions of the parties, while still respecting the fact that defendant deserved a fair sentence that was not unauthorized. The court then sentenced defendant to a total term of 17 years in state prison, consisting of the upper term of four years on count 1, a consecutive three years on the GBI enhancement, and the upper term of 10 years on the personal firearm use enhancement. The court imposed but stayed the gang enhancement pursuant to section 654.

ANALYSIS

I. The Court Properly Declined to Apply Proposition 57 and SB 1391

Defendant asserts that he was 15 years old when he committed the offense in count 1, and argues that the trial court was required to apply Proposition 57 and/or Senate Bill No. 1391 retroactively to his case. The People contend that Proposition 57 and Senate Bill No. 1391 applied retroactively only to defendants whose judgments were not yet final, and defendant's judgment was final long before they took effect. Defendant claims the recall of his sentence under section 1170, subdivision (d), and the resentencing itself, removed the finality of his judgment. We agree with the People and conclude the court properly declined to apply Proposition 57 and Senate Bill No. 1391.

A. *Relevant Law*

"On November 8, 2016, the electorate passed Proposition 57, and it took effect the next day." (*People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 304 (*Lara*), superseded by statute on other grounds, as stated in *In re M.S.* (2019) 32 Cal.App.5th 1177, 1191.) Proposition 57 prohibits prosecutors from charging juveniles with crimes

6

directly in adult court. "Instead, they must commence the action in juvenile court. If the prosecution wishes to try the juvenile as an adult, the juvenile court must conduct what we will call a 'transfer hearing' to determine whether the matter should remain in juvenile court or be transferred to adult court. Only if the juvenile court transfers the matter to adult court can the juvenile be tried and sentenced as an adult." (*Lara*, at p. 303.)

In *Lara*, *supra*, 4 Cal.5th 299, our Supreme Court applied the principles of *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*) and held that Proposition 57 applies retroactively to all juveniles charged directly in adult court whose judgments were not yet final when it was enacted. (*Lara*, at pp. 303-304.) The *Lara* court reasoned that "[t]he possibility of being treated as a juvenile in juvenile court—where rehabilitation is the goal—rather than being tried and sentenced as an adult can result in dramatically different and more lenient treatment. Therefore, Proposition 57 reduces the possible punishment for a class of persons, namely juveniles. For this reason, *Estrada*'s inference of retroactivity applies." (*Id.* at p. 303.)

In September 2018, the Governor approved Senate Bill No. 1391. (*People v. Superior Court* (*Alexander C.*) (2019) 34 Cal.App.5th 994, 998.) Senate Bill No. 1391, which went into effect January 1, 2019, "eliminates the district attorneys' ability to seek transfer of 14 and 15 year olds from juvenile court to criminal court, save for a narrow exception if the minor is 'not apprehended prior to the end of juvenile court jurisdiction.' " (*Ibid.*) At least one court has applied *Lara*, *supra*, 4 Cal.5th 299 and *Estrada*, *supra*, 63 Cal.2d 740 to conclude that Senate Bill No. 1391 applies retroactively

7

to defendants whose cases were not final at the time Senate Bill No. 1391 went into effect.  (*C.S. v. Superior Court* (2018) 29 Cal.App.5th 1009, 1038 (*C.S.*).)

B.  *Defendant is Not Entitled to Relief Because His Judgment Was Final*

"In a criminal case, judgment is rendered when the trial court orally pronounces sentence."  (*People v. Karaman* (1992) 4 Cal.4th 335, 344, fn. 9 (*Karaman*).)  "The finality of a judgment has been defined as that point at which the courts can no longer provide a remedy on direct review.  This includes the time within which to petition the United States Supreme Court for writ of certiorari."  (*In re Pine* (1977) 66 Cal.App.3d 593, 595; see *People v. Barboza* (2018) 21 Cal.App.5th 1315, 1319 (*Barboza*).)

Here, defendant pled guilty and was sentenced to state prison on April 18, 2008.  Accordingly, a judgment was rendered when he was sentenced that day.  He apparently did not appeal from the judgment.  It therefore became final 60 days after he was sentenced.  (Cal. Rules of Court, rule 8.308(a).)  Proposition 57 took effect in 2016, and Senate Bill No. 1391 took effect in 2019.  Thus, defendant's judgment became final long before Proposition 57 or Senate Bill No. 1391 went into effect.[2]  (See *Barboza*, *supra*, 21 Cal.App.5th at p. 1319 [unappealed judgment final before Prop. 57 went into effect].)  As a result, Proposition 57 and Senate Bill No. 1391 did not apply retroactively to defendant.  (*Lara*, *supra*, 4 Cal.5th at pp. 303-304.)

---

[2]  Defendant cites *People v. McKenzie* (2020) 9 Cal.5th 40 in support of his position.  However, that case is distinguishable.  In *McKenzie*, the statutory amendments the defendant sought to take advantage of took effect before his judgment was final.  (*Id.* at p. 45.)

Defendant argues that his judgment from 2008 was *not* final due to the resentencing hearing on February 26, 2019. He reasons that because he had the right to appeal the judgment imposed on February 26, 2019, his judgment was not final. His reasoning is flawed. At the time of the resentencing hearing in February 2019, defendant argued that the court should remand the matter to the juvenile court, pursuant to Proposition 57. He claimed that his 2008 judgment was not final because his sentence had been recalled under section 1170, subdivision (d), for the court to resentence him in light of *Gonzalez*, *supra*, 178 Cal.App.4th 1325. The court disagreed, finding that his judgment was final long before Proposition 57 was enacted, and that "it remain[ed] final." The court specifically declined to find that the CDCR's recommendation to recall the sentence rendered the judgment not final, for purposes of applying Proposition 57 retroactively. Defendant is now appealing that decision, arguing that the court erred in not applying Proposition 57 and Senate Bill No. 1391 to the 2008 judgment. The fact that he could appeal the court's decision made on February 26, 2019 (the instant appeal) does not render the 2008 judgment not final.

Defendant also claims that because his sentence was recalled by the court pursuant to section 1170, subdivision (d), his sentence was "reopened" for the purpose of applying Proposition 57 and/or Senate Bill No. 1391. However, even if a trial court has authority to recall a sentence under section 1170, subdivision (d), it does not follow that the sentence is not a final judgment under *Estrada*. "Under the general common law rule, a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced." (*Karaman*, *supra*, 4 Cal.4th at p. 344.) Section 1170,

9

subdivision (d), is an exception to that common law rule. (*People v. Howard* (1997) 16 Cal.4th 1081, 1089.) Section 1170, subdivision (d), states, in pertinent part, that when a defendant has been sentenced to the state prison and has been committed to the custody of the Director of Corrections, "the court may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of state prison inmates . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence . . . The court resentencing under this paragraph may reduce a defendant's term of imprisonment and modify the judgment, including a judgment entered after a plea agreement, if it is in the interest of justice." (§ 1170, subd. (d)(1).)

Section 1170, subdivision (d), specifies how the offender is to be resentenced—"in the same manner as if he or she had not previously been sentenced." (§ 1170, subd. (d)(1).) "It allows the trial court to reconsider its original sentence and impose any new sentence that would be permissible under the Determinate Sentencing Act *if the resentence were the original sentence* so long as the new aggregate sentence does not exceed the original sentence." (*People v. Johnson* (2004) 32 Cal.4th 260, 265.) "When a sentence is subject to 'recall' under section 1170, subdivision (d), the entire sentence may be reconsidered." (*People v. Garner* (2016) 244 Cal.App.4th 1113, 1118.) "This rule is justified because an aggregate prison term is not a series of separate independent terms,

10

but one term made up of interdependent components. The invalidity of one component infects the entire scheme." (*People v. Hill* (1986) 185 Cal.App.3d 831, 834 (*Hill*).)

Contrary to defendant's claim, section 1170, subdivision (d), says nothing about "reopening" a judgment that has been final for years, in order to apply recently enacted laws retroactively. Moreover, remanding the case to the juvenile court for a fitness hearing pursuant to Proposition 57 would certainly not comply with the language of section 1170, subdivision (d). The statute specifically provides that the court may "*resentence* the defendant in *the same manner* as if he or she had not previously been sentenced." (§ 1170, subd., (d)(1), italics added.) It simply allows the court to reconsider its sentencing choices in the original sentence and resentence the defendant. (*Hill*, *supra*, 185 Cal.App.3d at p. 834.)

Defendant further contends that recall of a sentence under section 1170, subdivision (d), permits the trial court to consider any relevant circumstances that have occurred since a defendant was originally sentenced, under the "full resentencing rule," as named in *People v. Buycks* (2018) 5 Cal.5th 857, 893-894 (*Buycks*). Therefore, he claims the trial court was required to apply Proposition 57 and Senate Bill No. 1391 when it resentenced him. He claims that the full resentencing rule "is in substance an exception to the rule of finality as applied to sentences." However, his reliance upon the full resentencing rule in *Buycks* is misplaced. In that case, the Supreme Court concluded that the full resentencing rule applied to defendants who qualified for resentencing under Proposition 47. (*Buycks*, at pp. 893-895.) The Supreme Court essentially held that "a defendant who successfully invokes the Proposition 47 resentencing process may secure

11

the dismissal or other appropriate treatment of an enhancement or crime subsumed within a judgment that was not yet final on November 5, 2014 (the effective date of Prop. 47), when that allegation is premised on the existence of a felony conviction that has been reduced to a misdemeanor." (*People v. Valenzuela* (2019) 7 Cal.5th 415, 424 (*Valenzuela*); see *Buycks*, *supra*, 5 Cal.5th at pp. 889-891.)  The instant case does not involve a resentencing under Proposition 47.

We note that the *Buycks* court did state that under the full resentencing rule, the resentencing court "has jurisdiction to modify *every* aspect of the sentence, and not just the portion subjected to the recall." (*Buycks*, *supra*, 5 Cal.5th at p. 893.)  However, this statement does not support defendant's claim that the court here was required to apply Proposition 57 and/or Senate Bill No. 1391 and remand the matter to the juvenile court. The *Buycks* court explained that "when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing *as to all counts* is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*Buycks*, at p. 893, italics added.)

The Supreme Court gave examples of the application of the full resentencing rule in *Valenzuela*, *supra*, 7 Cal.5th 415.  It cited the example of "when a felony conviction supplying a principal sentence term is reversed on appeal and the case returns to the trial court for resentencing." (*Id*. at p. 425.)  In that circumstance, "that court must select another conviction, if it exists, to supply the new principal term." (*Ibid*.)  Furthermore, "[a] court conducting a full resentencing also may, as appropriate, revisit sentencing choices such as a decision to stay a sentence [citation], to impose an upper term instead

12

of a middle term [citation], or to impose concurrent instead of consecutive sentences [citation.]." (*Ibid*.) None of these examples expand the scope of the resentencing court's discretion on a section 1170, subdivision (d) recall in the manner claimed by defendant.

In sum, the court here properly concluded that defendant's judgment was long final at the time Proposition 57 and Senate Bill No. 1391 were enacted. Thus, it properly declined to apply them retroactively to defendant's case. (*Lara*, *supra*, 4 Cal.5th at pp. 303-304; *C.S., supra*, 29 Cal.App.5th at p. 1038.)

DISPOSITION

The judgment is affirmed.

CERTIFIED FOR PUBLICATION

McKINSTER _____

Acting P. J.

We concur:

MILLER _____
                        J.

CODRINGTON _____
                        J.