Filed 8/14/20

<u>**CERTIFIED FOR PUBLICATION**</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re DAVID C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> DAVID C., <br><br> Defendant and Appellant. | F079739 <br><br> (Super. Ct. No. JJD070964) <br><br> **OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Tulare County.  Hugo J. Loza, Judge.

Joseph M. Ahart, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and George M. Hendrickson, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

David C. (minor) was adjudged a ward of the juvenile court for crimes he committed when he was 11 years old. A subsequent statutory amendment changed the minimum age for juvenile court delinquency jurisdiction to 12 years. We hold the juvenile court's jurisdiction over minor terminated, by operation of law, when that amendment went into effect. While we conclude that, under the procedural posture of this case, minor is not entitled to dismissal of the proceedings, including the original charges and wardship determination, that occurred prior to January 1, 2019, we also conclude the juvenile court now lacks jurisdiction to adjudicate the alleged violations of probation that occurred after the amendment's effective date.

## PROCEDURAL HISTORY[1]

On December 13, 2017, a first amended juvenile wardship petition (Welf. & Inst. Code, former § 602) was filed, alleging minor, then age 11, came within the jurisdiction of the juvenile court by virtue of having committed a string of criminal offenses.[2] On February 6, 2018, while still 11 years old, minor admitted certain counts of the amended petition. The court found he was under 14 years old at the time of the offenses but knew the wrongfulness of his conduct. On June 5, 2018, by which time minor was 12 years old, minor was declared a ward of the court, placed on probation on various terms and conditions, and released to the custody of his mother.

On November 14, 2018, a notice of violation of probation (§ 777, subd. (a)) was filed, alleging minor had violated conditions of probation and/or orders of the court. Minor was 12 years old at the time. He admitted the allegations the next day, and, on December 17, 2018, probation was reinstated.

---

[1]    We dispense with a statement of facts, as the facts underlying the offenses are not pertinent to the issues raised on appeal.

[2]    All statutory references are to the Welfare and Institutions Code unless otherwise stated.

On January 1, 2019, Senate Bill No. 439 (2017-2018 Reg. Sess.) (Senate Bill No. 439) went into effect. Among its provisions was an amendment to section 602 that significantly limited the juvenile court's jurisdiction over minors under 12 years old. (Stats. 2018, ch. 1006, § 2.)

On May 29, 2019, a second notice of violation of probation (§ 777, subd. (a)) was filed. It alleged minor, then 13 years old, committed new criminal offenses.[3] At the detention hearing, minor, through counsel, orally moved for dismissal of the case based on the amendment to section 602. The prosecutor asked the defense to provide authority regarding retroactivity.

Defense counsel subsequently filed a written motion to dismiss for lack of jurisdiction pursuant to section 602, subdivision (a), as modified by Senate Bill No. 439. Counsel asserted that, as minor was under 12 years of age when the offenses for which he was on probation occurred, the court did not have jurisdiction and the case must be dismissed. The People opposed the motion on the ground minor was declared a ward of the court and placed on probation before the statutory amendment went into effect, and at which time the court had jurisdiction over minor. The People asserted the amendment did not apply retroactively where, as here, the case was already final.

The motion was heard on June 21, 2019. Defense counsel asserted the case was not final for purposes of retroactive application of the statutory amendment, because minor was still having review hearings and the People were still seeking to keep him eligible for a commitment to the California Department of Corrections and Rehabilitation Division of Juvenile Justice (now the California Health and Human Services Agency Department of Youth and Community Restoration; see Gov. Code, §§ 12820-12821, Stats. 2019, ch. 25, § 20), neither of which could occur if the matter was final. The

---

[3]     This notice was filed by the district attorney's office. The probation officer also filed a notice based on unrelated violations of the conditions of probation.

juvenile court opined that the judgment was final because it was not pending trial or on appeal and so the amendment to section 602 did not apply to minor.

The juvenile court denied the motion, whereupon minor admitted the probation violation allegations. On July 8, 2019, minor was readjudged a ward of the court, placed on probation in the custody of the probation department, and committed to the Short Term Program for 180 days.

## DISCUSSION

At the time minor committed the offenses that formed the basis for the wardship petition, section 602 provided, with exceptions not pertinent here, that any person under 18 years of age when he or she violated any law fell within the jurisdiction of the juvenile court and could be adjudged a ward of that court. Accordingly, the juvenile court clearly had jurisdiction at the time it accepted minor's admissions, declared him a ward of the court, and placed him on probation, and the parties do not contend otherwise.

Effective January 1, 2019, Senate Bill No. 439 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1006, § 2) amended section 602 to provide, again with exceptions not pertinent here, that "any minor who is between 12 years of age and 17 years of age, inclusive," when he or she violates any law is within the jurisdiction of the juvenile court and may be adjudged to be a ward of that court. (§ 602, subd. (a).)[4]

Minor takes the position, as he did in the lower court, that the amendment applies retroactively, and requires dismissal of the original wardship petition and the petitions for violation of probation arising therefrom. The Attorney General implicitly concedes the amendment is retroactive to some degree, but asserts a ward must move to terminate wardship in order to give the district attorney and the probation officer notice that a new

---

[4] At all times, section 602 has contained an exception for minors coming within the provisions of section 707. Subdivision (b) of section 602, as amended by Senate Bill No. 439, gives the juvenile court jurisdiction over minors under the age of 12 who are alleged to have committed murder or enumerated forcible sex offenses.

4.

petition is necessary or that other services should be provided. The Attorney General agrees minor's motion should have been granted, and he asks us to remand the matter to the juvenile court with directions to grant the motion and permit the district attorney to file a new petition under section 602.

We turn first to the question of retroactivity. We review this and other matters involving statutory interpretation de novo. (*In re Antoine D.* (2006) 137 Cal.App.4th 1314, 1320.)

In *In re Estrada* (1965) 63 Cal.2d 740, the California Supreme Court held that "[w]hen the Legislature amends a statute so as to lessen the punishment it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper . . . . It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply." (*Id*. at p. 745.) This so-called "*Estrada* rule rests on an inference that, in the absence of contrary indications, a legislative body ordinarily intends for ameliorative changes to the criminal law to extend as broadly as possible, distinguishing only as necessary between sentences that are final and sentences that are not." (*People v. Conley* (2016) 63 Cal.4th 646, 657.)

In *People v. Superior Court (Lara)* (2018) 4 Cal.5th 299 (*Lara*), the state Supreme Court considered whether to apply the *Estrada* rule to Proposition 57, a voter initiative that, in pertinent part, prohibited prosecutors from charging juveniles with crimes directly in adult court, and instead required the juvenile court to conduct a hearing to determine whether the matter should remain in the juvenile court system or be transferred to criminal (adult) court. (*Lara*, *supra*, at p. 303.) The court concluded that unlike the statutory changes in *Estrada*, "Proposition 57 did not ameliorate the punishment, or possible punishment, for a particular crime; rather, it ameliorated the possible punishment for a class of persons, namely juveniles. But the same inference of retroactivity should apply." (*Id*. at p. 308.)

Like Proposition 57, the amendment to section 602 accomplished by Senate Bill No. 439 ameliorated the possible punishment for a class of persons, namely juveniles under age 12. Accordingly, *Estrada*'s inference of retroactivity applies, and "we infer the legislative body intended 'to extend [it] as broadly as possible.' [Citation.]" (*Lara*, *supra*, 4 Cal.5th at p. 309.) Nothing in the legislative materials rebuts this inference.[5]

Based on *Estrada*, the California Supreme Court concluded, in *Lara*, that Proposition 57 applied "to all juveniles charged directly in adult court whose judgment was not final at the time it was enacted." (*Lara*, *supra*, 4 Cal.5th at p. 304.) In the present case, insofar as the record shows, minor did not appeal from the dispositional order whereby he was declared a ward of the court. A dispositional order is appealable (*In re G.C.* (2020) 8 Cal.5th 1119, 1126; see § 800, subd. (a)), and expiration of the time to appeal rendered that order final for our purposes (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1138; see *In re G.C.*, *supra*, 8 Cal.5th at pp. 1122-1123). This is not a situation in which, for example, minor's appeal from that order was pending at the time the change in law went into effect (cf. *Lara*, *supra*, 4 Cal.5th at p. 304) or the time for review post-direct appeal had not yet elapsed (see generally *People v. Hargis* (2019) 33

---

[5] Senate Bill No. 439 also enacted section 602.1. (Stats. 2018, ch. 1006, § 3.) Subdivision (b) of that statute provides: "Except as provided in subdivision (b) of Section 602, when a minor under 12 years of age comes to the attention of law enforcement because his or her behavior or actions are as described in Section 601 or 602, the response of the county shall be to release the minor to his or her parent, guardian, or caregiver. . . ." Although it became effective on January 1, 2019, this statute had an operative date of January 1, 2020. (§ 602.1, subd. (c).) The legislative materials suggest this portion of Senate Bill No. 439 was not intended to apply retroactively, but rather only to minors under age 12 who come to the attention of law enforcement on or after the statute's operative date. (See Off. of Assem. Floor Analyses, 3d reading analysis of Sen. Bill No. 439 (2017-2018 Reg. Sess.) as amended Aug. 20, 2018, at <http://leginfo.legislature.ca.gov/faces/billAnalysisClient.xhtml?bill_id=201720180SB439 [as of Aug. 14, 2020].) The legislative materials contain no such implication with respect to the remainder of Senate Bill No. 439's provisions.

Cal.App.5th 199, 205, fn. 3; see also *Bell v. Maryland* (1964) 378 U.S. 226, 228, 230; *People v. Barboza* (2018) 21 Cal.App.5th 1315, 1318-1319).

Nothing in the plain language of section 602, as amended by Senate Bill No. 439, or the legislative materials related to the amendment, suggests the Legislature intended to annul charges that were adjudicated, and wardship determinations that were made and became final judgments, before the statutory amendment went into effect. Accordingly, minor was not entitled to have the original charges and wardship determination dismissed.

This does not mean, however, that the juvenile court's jurisdiction now potentially continues, as it may under section 607, subdivision (a), until minor attains 21 years of age. (See *In re Antoine D.*, *supra*, 137 Cal.App.4th at p. 1320; *People v. Price* (1969) 1 Cal.App.3d 982, 987.) When Senate Bill No. 439's amendment of section 602 went into effect on January 1, 2019, it divested the juvenile court of jurisdiction over any minor not alleged to have committed certain crimes, who was younger than 12 years of age when he or she violated the law. A plain reading of section 602, subdivision (a) makes it clear the juvenile court lost its continuing jurisdiction over minor at that point. Thus, any and all actions taken by the juvenile court after January 1, 2019, that were based on the original petition — including the findings minor violated probation — were void for lack of jurisdiction.[6]

---

[6]     In *People v. McKenzie* (2020) 9 Cal.5th 40, the defendant pled guilty to several drug-related offenses and admitted having sustained four prior felony drug-related convictions for purposes of sentence enhancement. The trial court suspended imposition of sentence and placed the defendant on probation. Probation subsequently was revoked, and a sentence was imposed that included enhancements for the prior drug convictions. After the judgment was affirmed by this court, but before a petition for review was filed in the California Supreme Court, legislation was enacted pursuant to which the defendant's drug-related prior convictions no longer qualified for sentence enhancement. Defendant filed a petition for review in the California Supreme Court based on the new legislation. That petition was granted. (*Id*. at pp. 43-44.) The California Supreme Court held that the defendant was entitled to its benefits — i.e., the striking of the sentence

We find nothing in the language of the statute or the legislative materials to support the Attorney General's claim minor's wardship did not terminate automatically, but rather he (and other similarly situated wards) must bring a noticed motion to dismiss or terminate wardship. The Legislature has acted to restrict juvenile courts' jurisdiction. We know of no authority (and the Attorney General cites none on point) that places the burden on the minor affirmatively to seek that to which the Legislature has decreed he or she is entitled. We presume district attorneys and probation officers stay abreast of changes in the law and, at least with respect to probation officers, the ages and circumstances of the minors under their supervision, and so will be aware of whether a new petition must be filed under section 602 as amended, or other services provided.

## DISPOSITION

The order denying minor's "**NOTICE AND MOTION TO DISMISS FOR LACK OF JURISDICTION PURSUANT TO WELFARE AND INSTITUTIONS CODE SECTION 602(a) AS MODIFIED BY SENATE BILL 439**" is affirmed insofar as said motion sought dismissal of proceedings, including the adjudication of charges and wardship determination, that occurred prior to January 1, 2019. In all other respects, the order is reversed.

---

enhancements now abolished by the new law — because the criminal proceeding had " ' "not yet reached final disposition in the highest court authorized to review it." ' " (*Id*. at pp. 45, 46.)

Unlike the legislation at issue in *McKenzie*, the legislation here concerns juvenile court jurisdiction. Our holding, that Senate Bill No. 439 does not retroactively affect this minor's original charges, wardship determination, or other pre-amendment proceedings, but does terminate the jurisdiction of the juvenile court over minor because minor is now over the age of 12, is not inconsistent with *McKenzie*.

The juvenile court is directed to prepare an order reflecting that jurisdiction terminated in this case, by operation of law, on January 1, 2019, and to transmit a certified copy of same to the parties and probation department.


                                                                    DETJEN, Acting P.J.

WE CONCUR:


FRANSON, J.


PEÑA, J.