Filed 9/22/20  P. v. Ruiz CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ISMAEL RUIZ,<br><br>    Defendant and Appellant. | B305375<br><br>Los Angeles County<br>Super. Ct. No. PA088475 |

APPEAL from an order of the Superior Court of Los Angeles County, Daniel B. Feldstern, Judge. Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

Defendant Ismael Ruiz appeals from the postjudgment order denying his motion for modification of sentence. Our independent review of the record has revealed no arguable appellate issues, and we affirm.

## BACKGROUND

On October 5, 2017, defendant pled no contest to attempted first-degree residential robbery (Pen. Code,[1] §§ 664/211) and vandalism (§ 594, subd. (a)). He also admitted using a firearm during the commission of the attempted robbery. (§ 12022.5, subd. (a).) The trial court sentenced defendant to a total of seven years in state prison. The court imposed the upper term of three years for the attempted robbery, plus an additional four years for the firearm enhancement to run consecutively. As for the vandalism, the court imposed three years in county jail to run concurrently.

On February 20, 2020, defendant filed a motion for modification of sentence requesting that the five-year serious felony enhancement be vacated under Senate Bill Nos. 1393 and 1618.[2] The court denied the motion on February 21, 2020. It explained that defendant was not eligible for relief under Senate Bill No. 1393 because his "plea and sentence did not include any enhancement pursuant to Penal Code § 667(a)."

---

[1] All undesignated statutory references are to the Penal Code.

[2] It appears that defendant meant to refer to Assembly Bill No. 1618. That bill added section 1016.8, which renders void any plea bargain provision that purports to waive the benefits of future changes in the law. (§ 1016.8, subds. (a), (b).)

Defendant filed a timely notice of appeal from the order, and we appointed counsel to represent him. On July 21, 2020, appointed counsel filed a brief in which he raised no issues and asked us to follow the procedures set forth in *People v. Serrano* (2012) 211 Cal.App.4th 496. We notified defendant that his attorney had filed a brief that raised no issues and that he could submit by brief or letter any grounds for an appeal, or contentions or arguments he wished this court to consider. We have not received a response.

## DISCUSSION

Effective January 1, 2019, sections 667 and 1385 were amended by Senate Bill No. 1393 to remove the prohibitions on striking or dismissing a five-year prior serious felony enhancement. (See Stats. 2018, ch. 1013, §§ 1–2.) The amended statutes apply retroactively to all cases that are not yet final. (*People v. Stamps* (2020) 9 Cal.5th 685; see also *People v. Garci*a (2018) 28 Cal.App.5th 961, 971–973.) Here, however, the court did not impose a prior serious felony enhancement under section 667. In any event, defendant's judgment became final before the enactment of Senate Bill No. 1393.

To be sure, counsel notes that defendant likely meant to ask the court to strike the section 12022.5 firearm enhancement under Senate Bill No. 620. This bill went into effect on January 1, 2018, and amended sections 12022.5 and 12022.53 to allow the trial court to strike firearm enhancements in the interest of justice. (*People v. Hargis* (2019) 33 Cal.App.5th 199, 209.) But defendant's judgment, which he did not appeal, became final several weeks before Senate Bill No. 620 went into effect. (See *People v. Barboza* (2018) 21 Cal.App.5th 1315, 1319 [defendant's judgment became final upon expiration of 60-day deadline to

appeal from trial court's imposition of sentence].) Accordingly, Senate Bill No. 620 does not apply retroactively to defendant's case.

We have examined the entire record, and are satisfied appellate counsel has fully complied with his responsibilities and no arguable issues exist in the appeal before us.

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, Acting P. J.

WE CONCUR:

EGERTON, J.

DHANIDINA, J.