Filed 5/4/21  P. v. Burgos CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>TIMOTHY DION BURGOS,<br><br>　　　Defendant and Appellant. | C091602<br><br>(Super. Ct. No. 62163025) |

Defendant Timothy Dion Burgos appeals an order revoking his probation and executing a suspended sentence which included two one-year terms for two prison priors under former Penal Code section 667.5, subdivision (b) (Stats. 2014, ch. 442, § 10).  He contends that the two prior prison term enhancements must be stricken from his sentence because he is entitled to the benefits of Senate Bill No. 136 (2019-2020 Reg. Sess.) (Stats. 2019, ch. 590, § 1) (Senate Bill 136), which became effective on January 1, 2020,

during the pendency of the current appeal.  We agree and remand the matter for further proceedings.

## FACTS AND HISTORY OF THE PROCEEDINGS

Defendant pleaded no contest to possessing drugs while incarcerated (Pen. Code, § 4573.6, subd. (a) - statutory section references that follow are to the Penal Code) and admitted two prior prison terms (§ 667.5) for a stipulated sentence of five years, including two one-year enhancements for the prior prison terms.  The court imposed sentence, suspended execution, and placed defendant on five years' formal probation.  A few months later, after a hearing, the trial court found defendant had violated probation and revoked probation.  At the sentencing hearing, trial counsel made a motion for the court to strike defendant's prison priors, based on then newly enacted Senate Bill 136, restricting prior prison term enhancements under section 667.5, subdivision (b), to sexually violent prior offenses.  (Stats. 2019, ch. 590, § 1.)  The trial court denied the motion.  The trial court ordered the previously imposed sentence executed.

## DISCUSSION

### I

### *Final Judgment*

Generally, "where [an] amendatory statute mitigates punishment and there is no saving clause, the rule is that the amendment will operate retroactively so that the lighter punishment is imposed," so long as the amended statute takes effect before the judgment of conviction is final.  (*In re Estrada* (1965) 63 Cal.2d 740, 748, 748.)  "This rule rests on an inference that when the Legislature has reduced the punishment for an offense, it has determined the 'former penalty was too severe' [citation] and therefore 'must have intended that the new statute imposing the new lighter penalty . . . should apply to every case to which it constitutionally could apply' [citation]."  (*People v. DeHoyos* (2018)

2

4 Cal.5th 594, 600.) *Estrada*'s retroactivity rule pertains both to statutory amendments that reduce penal sanctions and those that eliminate penal sanctions entirely. (*People v. McKenzie* (2020) 9 Cal.5th 40, 45 (*McKenzie*).)

When the trial court originally sentenced defendant, section 667.5, subdivision (b) required it to add one-year enhancements to his sentence for each prior prison term. (*People v. Jennings* (2019) 42 Cal.App.5th 664, 681.) The Legislature subsequently enacted Senate Bill 136, which, effective January 1, 2020, limits the applicability of prior prison term sentence enhancements to terms served for sexually violent offenses. (*Jennings*, at p. 681.) The provisions of Senate Bill 136 apply retroactively to cases that are not yet final on appeal. (*Jennings*, at pp. 681-682.) So, the question for us is whether defendant's judgment was final for purposes of retroactivity.

"In criminal actions, the terms 'judgment' and ' " sentence" ' are generally considered 'synonymous' [citation] and there is no 'judgment of conviction' without a sentence [citation.]." (*McKenzie, supra*, 9 Cal.5th at p. 46.) Generally, a judgment is rendered when a trial court orally pronounces the sentence. (*People v. Karaman* (1992) 4 Cal.4th 335, 344, fn. 9.) Once a criminal sentence is imposed, it becomes a final judgment if the defendant does not appeal within 60 days. (*People v. Barboza* (2018) 21 Cal.App.5th 1315, 1318–1319; see also Cal. Rules of Court, rule 8.308(a).)

The timing of a criminal judgment, however, differs if a trial court grants defendant probation, either by suspending imposition of sentence, or by imposing sentence and suspending its execution. "[N]either forms of probation—suspension of the imposition of sentence or suspension of the execution of sentence—results in a final judgment." (*People v. Chavez* (2018) 4 Cal.5th 771, 781 (*Chavez*).) When a trial court suspends imposition of sentence, it does not pronounce a judgment at all, and a defendant is placed on probation without a judgment pending against him or her. (*Ibid*.) When a court suspends execution of sentence, a provisional or conditional judgment is imposed, and the finality of the sentence depends on the outcome of the probationary proceeding.

(*Ibid.*)  There is no final judgment in either of those situations because "[d]uring the probation period, the court retains the power to revoke probation and sentence the defendant to imprisonment" under sections 1203.2 and 1203.3.  (*Id.* at p. 782.)  "[T]he court's power to punish the defendant, including by imposing imprisonment, continues during the period of probation."  (*Ibid.*)

Nor does section 1237 make an order of probation a final judgment for purposes of retroactivity.  "[A]n order granting probation is deemed a 'final judgment' for the purpose of taking an appeal" (*Chavez, supra*, 4 Cal.5th at p. 786), it " 'does not have the effect of a judgment for other purposes.' "  (*Ibid.*)  Rather, section 1237 operates simply to make an otherwise unappealable order appealable with the same scope of review as though taken from a final judgment of conviction.  " '[F]or purposes other than those of [Penal Code] section 1237 there is a substantial and . . . pertinent difference between an order granting probation and a final judgment as such.' [Citation.]"  (*McKenzie, supra*, 9 Cal.5th at pp. 47-48.)

In *McKenzie*, our Supreme Court recently considered the related but distinct issue of "whether a convicted defendant who is placed on probation after imposition of sentence is suspended, and who does not timely appeal from the order granting probation, may take advantage of ameliorative statutory amendments that take effect during a later appeal from a judgment revoking probation and imposing sentence." (*McKenzie, supra*, 9 Cal.5th at p. 43.)  *McKenzie* concluded that the ameliorative statutory amendments applied retroactively because when the revisions took effect, defendant's " ' "criminal proceeding . . . ha[d] not yet reached final disposition in the highest court authorized to review it." ' [Citations.]"  (*Id.* at p. 45.)

Two published cases have applied *McKenzie* in situations similar to the one here, where the trial court granted probation, imposed sentence, and suspended execution. Relying on *McKenzie* and *Chavez,* each has concluded the judgment is not final for the purposes of retroactive application of an ameliorative change in the law under *Estrada.*

4

(*People v. France* (2020) 58 Cal.App.5th 714, review granted Feb. 24, 2021, S266771; *People v. Contreraz* (2020) 53 Cal.App.5th 965, review granted Nov. 10, 2020, S264638.)  Three published cases have also applied *McKenzie* in the analogous situation where the trial court has imposed a split sentence, and suspended execution of a portion to place the defendant on mandatory supervision.  These cases have also relied on the reasoning of *McKenzie* and *Chavez* to conclude the judgment is not final for purposes of applying *Estrada*.  (*People v. Lopez* (2020) 57 Cal.App.5th 409, review granted Jan. 27, 2021, S266016; *People v. Conaster* (2020) 53 Cal.App.5th 1223, review granted Nov. 10, 2020, S264721; *People v. Martinez* (2020) 54 Cal.App.5th 885, review granted Nov. 10, 2020, S264848.)

Given these authorities, we cannot agree with the People that an unappealed grant of probation, where sentence is imposed and execution suspended, becomes "final" for purposes of *Estrada* during a period of ongoing probation.  Although they are not directly on point, given the reasoning in *McKenzie* and *Chavez*, we agree with these cases that just as where probation is granted and imposition of sentence is suspended, when sentence is imposed and execution suspended, the court's authority to "revoke, modify, or change" the conditions of the court's order continues during probation period.  (See *Chavez, supra*, 4 Cal.5th at p. 782 ["court's power to punish the defendant, including by imposing imprisonment, continues during the period of probation"].)  Thus, defendant's judgment was not final for purposes of retroactivity under *Estrada* but was ongoing when Senate Bill 136 became effective during his period of probation.  Because defendant's conviction is not yet final on appeal, and it is undisputed that he did not serve a prior prison term for any qualifying offenses, we conclude Senate Bill 136 applies retroactively to his case.

## II

### *Remedy*

Defendant contends his prior prison term enhancements should be stricken. The People contend the matter should be remanded to the trial court to permit them to withdraw from the plea. Based on our Supreme Court's recent decision in *Stamps*, we conclude the enhancements must be stricken upon remand should defendant decide he wants to continue pursuing relief under Senate Bill 136, but that the prosecution should be given the opportunity to withdraw from the plea agreement if it chooses.

In *Stamps*, the defendant pleaded no contest to one count of first degree burglary and stipulated to a nine-year sentence consisting of two years for the burglary, doubled under the Three Strikes law (§ 1170.12, subd. (c)(1)), plus five years for a prior serious felony enhancement (§ 667, subd. (a)(1)). (*People v. Stamps* (2020) 9 Cal.5th 685, 693 (*Stamps*).) In exchange for the plea, two other counts of first degree burglary and a second prior serious felony enhancement allegation were dismissed. (*Ibid.*)

At the time of sentencing, the trial court did not have discretion to strike the serious felony enhancement imposed under section 667, subdivision (a)(1). (*Stamps, supra*, 9 Cal.5th at p. 693.) However, while defendant's appeal was pending, Senate Bill No. 1393 (2017-2018 Reg. Sess.) (Senate Bill 1393) took effect, giving trial courts the discretion to dismiss such enhancements. (*Stamps*, at p. 693.) On appeal, the defendant argued that Senate Bill 1393 applied retroactively to his case and required a remand so the trial court could decide whether to strike the serious felony enhancement, while otherwise preserving the plea agreement. (*Stamps*, at p. 693.)

After concluding that the defendant was not required to obtain a certificate of probable cause, and that Senate Bill 1393 applied retroactively to his case on appeal, the Supreme Court turned to the question of remedy. (*Stamps, supra*, 9 Cal.5th at pp. 700-709.) The court rejected the defendant's argument that the proper remedy was to remand the matter to the trial court to consider striking the serious felony enhancement, while

6

otherwise maintaining the balance of the negotiated plea agreement. (*Id*. at p. 700.) Noting that the parties entered into a plea agreement for a specific prison term, the court held that under long-standing law (see, e.g., § 1192.5), once a court has accepted the terms of a plea agreement, it cannot modify the terms of that bargain without the agreement of the parties. (*Stamps*, at pp. 700-701.) While recognizing that the Legislature could authorize courts to modify or invalidate the terms of a plea agreement without affording the People an option to rescind the agreement, the court found nothing to demonstrate the Legislature intended Senate Bill 1393 to have that effect. (*Stamps*, at pp. 702-704.)

In reaching its conclusion, the court distinguished *Harris v. Superior Court* (2016) 1 Cal.5th 984 (*Harris*), which held that the People are not entitled to withdraw from a plea agreement when a defendant petitions to have a felony conviction recalled and resentenced as a misdemeanor under Proposition 47 (enacted by the electorate Nov. 4, 2014). (*Stamps, supra*, 9 Cal.5th at pp. 702-704; see *Harris, supra*, at p. 993.) In *Harris*, it was undisputed that the defendant was entitled to have his conviction reduced and resentenced as a misdemeanor under Proposition 47. (*Harris*, at p. 989.) The question before the court was whether the People should be permitted to withdraw from the plea on the basis that the resentencing would deprive them of the benefit of their bargain. (*Id*. at pp. 988-989.) The court held that the answer to this question depended on the "intent behind Proposition 47." (*Harris*, at p. 991.) Based on "unambiguous language" that Proposition 47 applies to defendants convicted by plea, and the expressed intent of Proposition 47 to reduce the number of nonviolent offenders in state prisons, the court concluded that the Legislature intended to modify or invalidate the terms of plea agreements without affording the People the option to withdraw from the agreement. (*Harris*, at pp. 992-993.)

Unlike the legislation in *Harris*, the *Stamps* court noted that Senate Bill 1393 was "silent regarding pleas." (*Stamps, supra*, 9 Cal.5th at p. 704.) Further, the court held,

7

allowing a defendant to strike an enhancement under Senate Bill 1393 while otherwise retaining the benefits of the bargain would frustrate the legislative intent to have the law apply uniformly, by creating "special rules" for plea cases. (*Stamps*, at p. 704.) Thus, the court held that Senate Bill 1393 was not intended "to change well-settled law that a court lacks discretion to modify a plea agreement unless the parties agree to the modification." (*Stamps*, at p. 702.)

Rejecting the defendant's argument that he should be permitted to " ' "whittle down the sentence 'but otherwise leave the plea bargain intact' " ' " (*Stamps, supra*, 9 Cal.5th at p. 706), the court concluded in *Stamps* that the proper remedy is to give defendant the choice whether to seek relief under Senate Bill 1393, knowing that if the trial court exercises its discretion to strike the enhancement, the People (and the court) will be entitled to withdraw their prior approval of the plea agreement. (*Stamps*, at pp. 706-709.)

In this case, the changes made by Senate Bill 136 limiting the prior offenses that qualify for a prior prison term enhancement are similar to the changes made by Senate Bill 1393 allowing courts to dismiss a serious felony enhancement in furtherance of justice. Although Senate Bill 136 is mandatory, and the trial court's authority under Senate Bill 1393 is discretionary, both *Stamps* and *Harris* make clear that the key inquiry is not whether legislation is mandatory or discretionary, but whether the Legislature intended the legislation to overturn existing law that a court cannot modify an agreed-upon term without the parties' agreement. (*Stamps, supra*, 9 Cal.5th at pp. 701-705; *Harris, supra*, 1 Cal.5th at pp. 991-992.) We conclude that Senate Bill 136 reflects no such intent, as it is "silent regarding pleas and provides no express mechanism for relief undercut[ting] any suggestion that the Legislature intended to create special rules for plea cases." (*Stamps*, at p. 704.) Our interpretation does not nullify the legislative purpose behind the ameliorative provisions of the legislation because the legislation was never

8

intended to overturn the "well-settled law" that a court lacks discretion to modify a plea agreement without the parties' consent. (*Stamps*, at p. 702.)

" 'The process of plea bargaining which has received statutory and judicial authorization as an appropriate method of disposing of criminal prosecutions contemplates an agreement negotiated by the People and the defendant and approved by the court.' " (*Stamps, supra*, 9 Cal.5th at p. 705.) " 'Judicial approval is an essential condition precedent to the effectiveness of the "bargain" worked out by the defense and prosecution.' " (*Ibid*.) Because the two one-year prior prison term enhancements were a material part of defendant's global plea bargain originally negotiated by the parties and approved by the court, under which the People dismissed the remaining charges and allegations in several pending matters, the People and the court must be given the opportunity to withdraw their approval of the agreement if defendant should seek the benefit of the retroactive change in the law upon remand.

Thus, we shall conditionally reverse to give defendant the opportunity to seek Senate Bill 136 relief upon remand. If he does, the People and the court must have the opportunity to withdraw their approval of the plea bargain once the trial court strikes the unauthorized enhancements.

### DISPOSITION

The judgment is conditionally reversed and remanded to the superior court with directions to allow defendant the opportunity to seek relief under Senate Bill 136. If defendant chooses to pursue such relief, the trial court shall strike the two one-year prior prison term enhancements under section 667.5, subdivision (b), and allow the People and court the opportunity to withdraw their prior approval of the plea agreement. Once the new judgment is entered, the trial court is directed to prepare a new abstract of judgment,

9

reflecting the new judgment, and forward a copy to the Department of Corrections and Rehabilitation.

                                             _____

                                             HULL, Acting P. J.

I concur:

_____

MAURO, J.

HOCH, J., Concurring and Dissenting.

I agree with the majority opinion except for the remedy.

I fully concur in the majority opinion concerning retroactive application of Senate Bill No. 136 (2019-2020 Reg. Sess.) (Senate Bill 136) and the application of *People v. Stamps* (2020) 9 Cal.5th 685, 705-709 (*Stamps*). I agree defendant is entitled to have his Penal Code section 667.5, subdivision (b)[1] enhancements stricken based on Senate Bill 136 and *In re Estrada* (1965) 63 Cal.2d 740. On remand, I also agree that the trial court and the prosecution are entitled to withdraw their approval from the plea agreement. However, I do not agree that defendant has a choice whether to continue to seek such relief under Senate Bill 136.

Once this court has determined that defendant's section 667.5, subdivision (b) enhancements are unauthorized, they must be stricken from the sentence.

In *Stamps*, the Supreme Court addressed the retroactive application of section 667, subdivision (a) giving the trial courts discretion to strike a prior serious felony enhancement. The plea agreement in *Stamps* did not result in an unauthorized sentence following Senate Bill No. 1393 (2017-2018 Reg. Sess.) (Senate Bill 1393); that enactment simply gave the trial court new discretion to strike the serious felony enhancement in furtherance of justice. However, if the trial court decided to exercise that discretion, this would alter the plea agreement, something "long-standing law" has prevented the trial court from doing unilaterally. (*Stamps*, *supra*, 9 Cal.5th at pp. 700-701.) Accordingly, unless Senate Bill 1393 contained some indication that the Legislature intended to "overturn existing law regarding a court's lack of authority to unilaterally modify a plea agreement," the prosecution would have to agree to any modifications made to the plea agreement. (*Stamps,* at p. 702.) Finding no indication the

---

[1]     Undesignated statutory references are to the Penal Code.

11

Legislature so intended, our Supreme Court concluded that if the trial court decided to exercise its new discretion to strike the enhancements on remand, the prosecution would have the ability to either approve the modified plea agreement or withdraw from the agreement entirely. (*Id*. at p. 707.) Because of these potential consequences to the plea agreement, *Stamps* concluded it was the defendant's choice whether to seek Senate Bill 1393 relief. (*Stamps,* at p. 707.)

Unlike the situation in *Stamps*, where the defendant's decision not to seek Senate Bill 1393 relief would not have resulted in him serving an unauthorized sentence, a defendant raising Senate Bill 136 on appeal has brought to this court's attention that his or her sentence is unauthorized as presently configured. I agree with the analysis and remedy in *People v. Hernandez* (2020) 55 Cal.App.5th 942, review granted January 27, 2021, S265739. It concludes the unauthorized enhancements must be stricken and allows the People and the trial court the opportunity to withdraw their prior approval of the plea agreement.


                             _____

                             HOCH, J.