Filed 11/8/21  P. v. Boles CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C092134 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF11732) |
| v. | |
| JARED DANIEL BOLES, | |
| Defendant and Appellant. | |

This is the second appeal in this case challenging the sentence imposed by the trial court.  Defendant Jared Daniel Boles stands convicted of various drug-related and other offenses in three different cases.  In his first appeal, he challenged the trial court's 2017 sentencing order, which embraced all three cases.  In March 2019, we issued an unpublished opinion vacating the 2017 sentencing order and remanding the matter for resentencing.  (*People v. Boles* (March 8, 2019, C084971) [nonpub. opn.] (*Boles*).)  In July 2019, defendant was resentenced on all three cases and did not appeal.  After the California Department of Corrections and Rehabilitation (CDCR) notified the trial court

1

of potential sentencing errors, defendant was resentenced in May 2020 on all three cases. This appeal followed. In his second appeal, defendant raises a number of sentencing-related claims, including that the sentence imposed by the trial court must be reversed because he is entitled to the ameliorative benefits of recently enacted laws.

We will modify the judgment by striking the three-year sentences imposed for two prior drug conviction enhancements (Health & Saf. Code, § 11370.2)[1] and also to reflect that the sentence was stayed on certain counts (Pen. Code, § 654). We remand with directions to recalculate custody credits and otherwise affirm the judgment.

## BACKGROUND

The details of defendant's offenses and cases are not pertinent to his claims on appeal. We discuss only his relevant convictions and subsequent sentencings. We incorporate the procedural history set forth in our prior unpublished opinion, *Boles*, and summarize the most recent trial court proceedings giving rise to the claims raised in this appeal.[2]

"*2011 Case*

"In the earliest case (No. 11-732, the 2011 case), defendant pleaded guilty to four felony drug charges and one misdemeanor resisting charge, counts 1 through 5. (Health & Saf. Code, §§ 11378, 11379, subd. (a); Pen. Code, § 148, subd. (a).) [fn. omitted.] He also admitted two prior drug conviction allegations (§ 11370.2) for each felony drug charge and three prior prison term allegations (Pen. Code, § 667.5, subd. (b)).

"The two prior drug convictions were alleged to have occurred on January 31, 2007, and March 5, 2004, respectively. We refer to these convictions hereafter as the 2007 and 2004 drug allegations.

---

[1] Undesignated statutory references are to the Health and Safety Code.

[2] While this appeal was pending, we granted defendant's request to incorporate the record in his first appeal, case number C084971.

"At the initial sentencing, the trial court imposed a sentence of the upper term of four years on count 1, plus three years consecutive for each of the 2007 and 2004 drug allegations and one consecutive year for each of the three prior prison term allegations, for a total of 13 years in prison. The court stayed the sentences and their corresponding allegations on counts 2 and 4 (Pen. Code, § 654), dismissed count 3 (*id.*, § 1385), and imposed a concurrent one-year jail term on count 5. The court suspended execution of the imposed sentence and granted defendant a three-year term of formal probation with various conditions; defendant did not appeal." (*Boles*, *supra*, C084971, fn. omitted.)

"*2016 Case*

"In early 2017 a jury found defendant guilty of various drug and gun charges (No. 16-3458, the 2016 case), including . . . counts 1 and 2, which were two felony drug charges (§§ 11378, subd. (a), 11379, subd. (a)), each including five prior drug conviction allegations admitted prior to trial (§ 11370.2). Two of the five prior drug conviction allegations appear[ed] to be the 2007 and 2004 drug allegations admitted by defendant in the 2011 case.[3] The remaining three enhancements consisted of the charges from the 2011 case itself.

"*Probation Violation and Combined Sentencing*

"The trial court found defendant had violated his probation in the 2011 case based on the evidence adduced at trial in the 2016 case.[4]

---

**3** In the first appeal, the parties agreed without elaboration that the 2007 and 2004 drug allegations were for the same convictions in both the 2011 and 2016 cases. However, we noted that although one prior conviction allegation bore the same date (January 31, 2007) on both charging documents, the other overlapping prior was identified in the 2011 case as occurring on March 5, 2004, and in the 2016 case as occurring on February 3, 2004. (*Boles, supra*, C084971.)

**4** In the first appeal we noted: "There appears to be no dispute that defendant was still on probation in the 2011 case at the time he was alleged to have committed the 2016 offenses. The record provided to us shows that on April 8, 2013, defendant's probation

"While in jail awaiting sentencing in the 2016 case, defendant was charged in case No. 17-150 (the 2017 case), alleging he possessed drugs while in jail pending sentencing on the jury verdicts in the 2016 case and the violation of probation in the 2011 case. Defendant pleaded no contest to possessing drugs in jail in exchange for a one-year consecutive sentence. There [was] no issue presented [in the prior] appeal as to this plea and sentence.

"On May 1, 2017, the trial court sentenced defendant on all three cases, including execution of sentence previously imposed and suspended in the 2011 case, as we next describe.

"The trial court initially selected the 2016 case as the principal term and announced its intent to run 'the original 13-year case' concurrent thereto. [F]or the 2016 case the court imposed the midterm of three years on count 1 and added consecutive three-year terms for all five prior drug conviction enhancements, including the 2007 and 2004 drug allegations. It then imposed consecutive sentences of eight months each on four additional counts, and stayed sentence on several other counts pursuant to Penal Code section 654. With the addition of three separate consecutive one-year terms for prior prison term enhancements, defendant received a total state prison sentence of 23 years and eight months on the 2016 case.

"The trial court then addressed the 2011 case, ordering the four-year upper term on count 1 executed and the remaining two felony counts executed but again stayed (Pen. Code, § 654), consistent with the original order. The court also executed the concurrent one-year sentence on count 5. The court next purported to *vacate* the portion of the 2011 order imposing sentence on the enhancements (including the 2007 and 2004 drug allegations . . .); after vacating the portion of the 2011 order imposing sentence on the

---

was extended to August 22, 2016, to allow him to complete a residential drug program. His offenses in the 2016 case were alleged to have occurred June 20 of that year." (*Boles, supra*, C084971.)

enhancements, the court ordered 'for all counts and case enhancements is that *both the imposition and execution of sentence on those is stayed* in order to avoid double-sentencing' with the 2016 case. (Italics added.)

"This change to the previously imposed sentence in the 2011 case resulted in a total sentence of four years, rather than the originally imposed 13-year sentence, ordered to run concurrent with the 2016 case. Defendant timely appealed from the order after the 2017 sentencing hearing." (*Boles*, *supra*, C084971, fn. omitted.)

*The First Appeal*

In his first appeal, defendant's primary contention was that new legislation, Senate Bill No. 180 (2017-2018 Reg. Sess.), effective January 1, 2018, applied to his 2017 sentence and required striking all five of the drug conviction enhancements imposed in the 2016 case. (*Boles*, *supra*, C084971.)

The Attorney General agreed as to the three later enhancements, based on the counts of conviction in the 2011 case itself and imposed for the first time at sentencing on the 2016 case, but disagreed as to the 2007 and 2004 drug allegations. (*Boles*, *supra*, C084971.) He argued that because the 2007 and 2004 drug allegations were originally imposed at the *first* sentencing in the 2011 case, from which defendant did not appeal, those two allegations are final and the new legislation does not apply to them. (*Ibid*.) He argued those two allegations should be reapplied to defendant's sentence on remand. (*Ibid*.)

In March 2019, we issued an unpublished opinion vacating the 2017 sentencing order and remanding the matter for resentencing on all three cases. (See *Boles*, *supra*, C084971.) We concluded that the trial court did not have the authority to alter defendant's previously imposed (and long final) 2011 sentence by vacating sentence on the 2007 and 2004 drug allegations and subsequently staying imposition of sentence therefor. (*Ibid.*) We explained that the trial court was required to either reinstate probation or lift the suspension of the previously imposed sentence, including all

5

components thereof. (*Ibid.*) Because we determined that the sentences for the 2007 and 2004 drug allegations should have remained part of defendant's previously imposed sentence in the 2011 case, we remanded for resentencing. (*Ibid.*) We agreed with the parties that the three drug conviction enhancements for the 2011 charges, imposed for the first time at the 2017 sentencing hearing, were not final and should be stricken in light of Senate Bill No. 180, which eliminated a three-year enhancement for a prior drug conviction except in certain circumstances not applicable here. (Stats. 2017, ch. 677, § 1, eff. Jan. 1, 2018; see § 11370.2.) (*Boles*, *supra*, C084971.)

In remanding the matter, we stated: "Sentence in the 2011 case must be executed as previously imposed. [¶] There is no issue briefed as to the consecutive one-year sentence imposed in the 2017 case, and that sentence was part of the bargained-for plea. [¶] The trial court's discretion comes into play regarding the 2016 case. If the court had realized it lacked authority to vacate portions of the sentence in the 2011 case, it may well have made different sentencing choices in the 2016 case. Further, the non-final prior drug conviction enhancements are no longer available. Thus, the proper disposition is to remand for a new sentencing hearing." (*Boles*, *supra*, C084971.)

*2019 Resentencing*

In July 2019, the trial court resentenced defendant on all three cases. In the 2011 case, the court imposed the upper term of four years on count 1, plus a consecutive three-year term for each of the 2007 and 2004 drug allegations, and a consecutive one-year term for each of the three prior prison term allegations, for a total of 13 years in prison. The court imposed concurrent four-year upper-term sentences and stayed the corresponding enhancement allegations on counts 2 and 4 (Pen. Code, § 654), and imposed a concurrent one-year jail term on count 5.

In the 2016 case, the trial court imposed a consecutive one-year term on count 1 and consecutive eight-month terms on four additional counts, for a total of 3 years eight months. The court imposed and stayed a 2-year sentence on count 2 (Pen. Code, § 654).

6

In the 2017 case, the trial court imposed a consecutive one-year term on the only count alleged in that case.

In total, defendant was sentenced to 17 years eight months in prison. Defendant did not appeal from the 2019 sentencing order.

*2020 Resentencing*

In a January 2020 letter, the CDCR notified the trial court of potential sentencing errors in connection with the 2019 resentencing. The letter stated that the "Abstract of Judgment and/or Minute Order may be in error or incomplete" for the following reasons: (1) the abstract of judgment and minute order reflected that the trial court imposed a four-year term on count 2 in the 2011 case, but the sentencing triad for that offense was one-year four months, two years, or three years; and (2) the abstract of judgment reflected that six prior prison term enhancements were imposed with three of those enhancements stayed, whereas the minute order reflected that only three prior prison term enhancements were imposed with no mention of any other prior prison term enhancement. The letter further stated: "Please review your file to determine if a correction is required. When notified by the [CDCR] that an illegal sentence exists, the trial court is entitled to reconsider all sentencing choices, *People v. Hill* [(1986)] 185 Cal.App.3d 831."

In May 2020, the trial court resentenced defendant on all three cases. The sentence was identical to the sentence imposed at the July 2019 resentencing hearing, with a few exceptions. As relevant here, the trial court imposed a concurrent three-year upper-term sentence on count 2 in the 2011 case and stayed the corresponding enhancement allegations (Pen. Code, § 654), and imposed and stayed sentence (*ibid*.) on the three prior prison term enhancements alleged in the 2016 case. The aggregate sentence was the same as the aggregate sentence imposed at the 2019 resentencing hearing: 17 years eight months.

*Custody Credits*

Less than two weeks after the May 2020 resentencing hearing, defendant filed a motion asking the trial court to recalculate his custody credits. The trial court denied the motion on June 1, 2020.

*Notice of Appeal*

On June 18, 2020, defendant filed a notice of appeal. The case was fully briefed on July 17, 2021; the parties waived oral argument and the case was submitted on September 17, 2021.

## DISCUSSION

Defendant raises a number of sentencing-related claims, including that the trial court imposed an unauthorized sentence because he is entitled to the ameliorative benefits of recently-enacted laws. With one exception, we agree with defendant, as we explain below.

### I

*Recently Enacted Laws*

A. *Applicable Legal Principles*

Generally, "where [an] amendatory statute mitigates punishment and there is no saving clause, the rule is that the amendment will operate retroactively so that the lighter punishment is imposed," so long as the amended statute takes effect before the judgment of conviction is final. (*In re Estrada* (1965) 63 Cal.2d 740, 744-745, 748 (*Estrada*); *People v. Floyd* (2003) 31 Cal.4th 179, 184 (*Floyd*).) "This rule rests on an inference that when the Legislature has reduced the punishment for an offense, it has determined the 'former penalty was too severe' [citation] and therefore 'must have intended that the new statute imposing the new lighter penalty . . . should apply to every case to which it constitutionally could apply.' " (*People v. DeHoyos* (2018) 4 Cal.5th 594, 600.) *Estrada's* retroactivity rule pertains both to statutory amendments that reduce penal sanctions and those that eliminate penal sanctions entirely. (*People v. McKenzie* (2020) 9

8

Cal.5th 40, 45.) " '[F]or purposes of *Estrada* retroactivity, the focus is not on when a conviction becomes final but rather when the sentence imposed on that conviction becomes final,' a question of law that we review de novo." (*People v. Andahl* (2021) 62 Cal.App.5th 203, 208.)

B. *Senate Bill No. 180*

Defendant contends that the three-year sentences imposed in the 2011 case for the 2007 and 2004 drug allegations must be stricken because he is entitled to the ameliorative benefits of Senate Bill No. 180. We agree.

When the trial court originally sentenced defendant in the 2011 case, it was required to impose consecutive three-year sentences for the 2007 and 2004 drug allegations. (See *People v. Edwards* (2011) 195 Cal.App.4th 1051, 1058; Stats. 1998, ch. 936, § 1, eff. Sept. 28, 1998).) As we noted *ante*, effective January 1, 2018, Senate Bill No. 180 eliminated the three-year enhancement for a prior drug conviction, except in certain circumstances not applicable here. (Stats. 2017, ch. 677, § 1, eff. Jan. 1, 2018; see § 11370.2.) We agree with the parties that Senate Bill No. 180's amendments to section 11370.2 apply retroactively to all judgments not yet final on the date it became effective. (*People v. McKenzie* (2018) 25 Cal.App.5th 1207, 1213.) Thus, the question for us is whether defendant's judgment was final for purposes of *Estrada* retroactivity prior to January 1, 2018. As we explain, the answer to that question is "no."

In our prior March 2019 unpublished opinion, we determined that defendant's sentence in the 2011 case, which included consecutive three-year sentences for the 2007 and 2004 drug allegations, was final for purposes of *Estrada* retroactivity when he failed to timely appeal from the 2011 sentencing order. (*Boles*, *supra*, C084971.) As such, it is not surprising that defendant received consecutive three-year sentences in the 2011 case for the 2007 and 2004 drug allegations when he was resentenced in July 2019 and May 2020. However, during the pendency of this appeal, our Supreme Court decided *People v. Esquivel* (2021) 11 Cal.5th 671, which held that a judgment imposing but

9

suspending execution of sentence and placing a defendant on probation is not yet final for purposes of *Estrada* retroactivity when the defendant can "still timely obtain direct review of [the] order revoking probation and causing the state prison sentence to take effect." (*Id.* at p. 673.) Under *Esquivel*, defendant's sentence in the 2011 case did *not* become final when he failed to timely appeal the 2011 sentencing order. Nor was his sentence in the 2011 case final for purposes of *Estrada* retroactivity at the time he was resentenced in July 2019. Defendant's criminal proceeding was clearly ongoing, as the trial court's order revoking his probation and executing the previously imposed sentence had not yet reached final disposition in the highest court in which review is available. (See *People v. McKenzie, supra*, 9 Cal.5th at p. 45 [making clear that the appropriate question in the context of *Estrada* retroactivity is whether the criminal proceeding has reached final disposition in the highest court authorized to review it]; *People v. Martinez* (2020) 54 Cal.App.5th 885, 891 [a sentence becomes final for purposes of *Estrada* retroactivity " 'when all available means to avoid its effect have been exhausted;' " "[i]t has not become final 'if there still remains some legal means of setting it aside' on direct appeal"].)

In short, because Senate Bill No. 180 took effect during the pendency of defendant's first appeal and prior to resentencing on remand, the three-year sentences imposed in the 2011 case for the 2007 and 2004 drug allegations are unauthorized and must be stricken. (*People v. Shaw* (2020) 56 Cal.App.5th 582, 588 [post-Senate Bill No. 136, prior prison term enhancements "are unauthorized and must be stricken"]; *People v. Harvey* (1980) 112 Cal.App.3d 132, 139 ["in computing one's sentence under a plea bargain, even though agreed to by the parties, the court may not give effect to an enhancement unauthorized by law"].)

We reject the Attorney General's contention that defendant is not entitled to the ameliorative benefits of Senate Bill No. 180 because the 2011 case became final when defendant failed to timely appeal from the 2019 sentencing order. (See *People v.*

10

*Barboza* (2018) 21 Cal.App.5th 1315, 1318-1319 [once a criminal sentence is imposed, it becomes a final judgment if the defendant does not appeal within 60 days]; Cal. Rules of Court, rule 8.308(a) [notice of appeal must be filed within 60 days after rendition of the judgment].)

" 'A defendant may appeal from a final judgment of conviction or from any order after judgment which affects his or her substantial rights.  ([Pen. Code,] § 1237.) "Judgment is synonymous with the imposition of sentence." ' " (*People v. Chamizo* (2019) 32 Cal.App.5th 696, 699-700.)  A trial court typically lacks jurisdiction to change a defendant's sentence once execution of the sentence begins.  (*People v. Karaman* (2001) 4 Cal.4th 335, 344.)  An exception to this rule is that an unauthorized sentence may be corrected at any time.  (*People v. Scott* (1994) 9 Cal.4th 331, 354-355; *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1205.)  Another exception is provided in Penal Code section 1170, subdivision (d)(1).  (*People v. McCallum* (2020) 55 Cal.App.5th 202, 210.)  It authorizes a trial court to, "within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of state prison inmates . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence." (Pen Code, § 1170, subd. (d)(1).)  Under this provision, the prior sentence and order of commitment is effectively "vacate[d]," and the trial court may sentence defendant anew, to an equal or lesser sentence.  (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 456.)

Here, the CDCR's 2020 letter, which was submitted to the trial court more than 120 days after the July 2019 resentencing hearing, indicated that defendant's sentence was "illegal" and advised the trial court that it could "reconsider all sentencing choices," citing to *People v. Hill, supra*, 185 Cal.App.3d 831.  The *Hill* court held that upon receipt of a letter from the CDCR advising the court that a sentence was illegal, the trial court is

11

authorized by Penal Code section 1170, subdivision (d)(1) to rethink the entire sentencing scheme and wholly resentence the defendant. (*Hill*, at p. 834.) As the letter here advised the trial court that defendant's sentence was unlawfully imposed, the trial court had authority to resentence defendant. Indeed, the trial court responded to the letter by resentencing defendant on all three cases, including correcting the unauthorized sentence on count 2 in the 2011 case and imposing and staying sentence on the three prior prison term enhancements alleged in the 2016 case. On this record, we conclude that the CDCR's letter triggered defendant's May 2020 resentencing under Penal Code section 1170, subdivision (d)(1). (See, e.g., *People v. Arias* (2020) 52 Cal.App.5th 213, 217, 219 [CDCR letter recommending recall of the defendant's sentence based on trial court's illegal imposition of two enhancements triggered resentencing under Pen. Code, § 1170, subd. (d)(1)].)

The Attorney General does not dispute that the 2020 sentencing order is an appealable order.[5] (See *People v. Arias, supra*, 52 Cal.App.5th at p. 220 [an appeal may be taken from a sentence imposed under the recall and resentencing provision].) Instead, the Attorney General contends that defendant's failure to timely appeal the 2019 sentencing order prevents us from striking the sentences imposed for the 2007 and 2004 drug allegations in the 2011 case. We disagree. Even if we were to agree with the Attorney General that the 2020 resentencing did not "reopen" the judgment (i.e., render the judgment non-final) for purposes of retroactive application of ameliorative legislation, the existence of a final judgment does not prevent the correction of an

---

[5] Even if we construed the 2020 sentencing order to be a post-judgment order, it would be appealable under Penal Code section 1237, subdivision (b), which authorizes a defendant to appeal "any order made after judgment, affecting the substantial rights of the party." The 2020 sentencing order necessarily implicates defendant's interest in his personal liberty and, therefore, his "substantial rights" for purposes of allowing a post-judgment appeal.

unauthorized sentence at any time by a court with jurisdiction over the judgment. (See *In re G.C.* (2020) 8 Cal.5th 1119, 1130; *People v. Cabrera* (2018) 21 Cal.App.5th 470, 477.)[6]

Accordingly, we will strike as unauthorized the three-year sentences imposed in the 2011 case for the 2007 and 2004 drug allegations. (See *People v. Petri* (2020) 45 Cal.App.5th 82, 94 [striking prior prison term enhancement due to change in law while appeal pending]; *People v. Tillotson* (2007) 157 Cal.App.4th 517, 542 [striking erroneously imposed drug conviction enhancement].) We need not and do not address defendant's related claim of ineffective assistance of counsel.

C. *Senate Bill No. 136*

When the trial court originally sentenced defendant in the 2011 case, it was required to impose consecutive one-year sentences for the three prior prison term allegations. (See former § 667.5, subd. (b); *People v. Buycks* (2018) 5 Cal.5th 857, 889.) Effective January 1, 2020, Senate Bill No. 136 (2019-2020 Reg. Sess.) amended section 667.5, subdivision (b) to limit application of the one-year enhancement to prison terms that were served for sexually violent offenses, which defendant's prior offenses were not. (Pen. Code, § 667.5, subd. (b); Stats. 2019, ch. 590, § 1.) It is not disputed that Senate Bill 136's amendment to section 667.5, subdivision (b) applies retroactively to all cases not yet final as of its effective date. (*People v. Andahl, supra,* 62 Cal.App.5th at p. 208; see also *People v. Jennings* (2019) 42 Cal.App.5th 664, 682.)

---

[6] We recognize there is recent case law standing for the proposition that when a sentence is recalled, the original sentence is rendered inoperative, allowing the defendant to take advantage of ameliorative changes in the law because his judgment is no longer final for purposes of *Estrada* retroactivity. (See *People v. Hwang* (2021) 60 Cal.App.5th 358, review granted Apr. 14, 2021, S267274; *People v. Lopez* (2020) 56 Cal.App.5th 835, review granted Jan. 27, 2021, S265936; contra, *People* v. *Federico* (2020) 50 Cal.App.5th 318, 321, review granted Aug. 26, 2020, S263082.) However, given our conclusion, we need not discuss these cases further.

On appeal, defendant contends that the one-year sentences imposed for the prior prison term allegations in the 2011 case must be stricken. Although defendant concedes that his judgment was final for purposes of *Estrada* retroactivity before the effective date of Senate Bill No. 136, he nonetheless asserts that "[a]pplying the benefits of amended section 667.5, subdivision (b) to non-final cases, but denying those benefits to final cases, violates the equal protection clauses of the federal and state constitutions." We disagree.

" 'The right to equal protection of the law generally does not prevent the state from setting a starting point for a change in the law. "[T]he Fourteenth Amendment does not forbid statutes and statutory changes to have a beginning and thus to discriminate between the rights of an earlier and later time." [Citation.] The same rule applies to changes in sentencing law that benefit defendants.' [Citations.]

" 'A criminal defendant has no vested interest " 'in a specific term of imprisonment . . . .' " ' [Citation.] '[E]qual protection of the law is denied only where there is no "rational relationship between the disparity of treatment and some legitimate governmental purpose." [Citation.] In other words, the legislation survives constitutional scrutiny as long as there is " 'any reasonably conceivable state of facts that could provide a rational basis for the classification.' " [Citation.] This standard of rationality does not depend upon whether lawmakers ever actually articulated the purpose they sought to achieve. Nor must the underlying rationale be empirically substantiated. [Citation.] While the realities of the subject matter cannot be completely ignored [citation], a court may engage in " 'rational speculation' " as to the justifications for the legislative choice.' " (*People v. Baltazar* (2020) 57 Cal.App.5th 334, 341.)

Defendant has not cited any authority recognizing an equal protection violation arising from the timing of the effective date of an ameliorative change in the law. (See *Floyd, supra,* 31 Cal.4th at p. 188 [acknowledging that the effective date of all legislation is arbitrary but rejecting an equal protection claim on that basis].) Indeed, retroactive application of such a change in the law " 'is not a question of constitutional right but of

14

legislative intent.' " (*People v. Lizarraga* (2020) 56 Cal.App.5th 201, 210.) Our Supreme Court has generally recognized that the Legislature has a rational reason for refusing to make an ameliorative change in the law fully retroactive to all criminal defendants: "assur[ing] that penal laws will maintain their desired deterrent effect by carrying out the original prescribed punishment as written." (*In re Kapperman* (1974) 11 Cal.3d 542, 546.) This helps to "deflect[ ] any assumption by offenders that future acts of lenity will necessarily benefit them." (*People v. Kennedy* (2012) 209 Cal.App.4th 385, 398.) In light of this rationale, equal protection principles do not compel the retroactive application of Senate Bill No. 1136 to cases that became final before its effective date. (*Floyd, supra*, 31 Cal.4th at p. 189 [" '[a] reduction of sentences only prospectively from the date a new sentencing statute takes effect is not a denial of equal protection' "]; *Baker v. Superior Court* (1984) 35 Cal.3d 663, 668, [" '[a] refusal to apply a statute retroactively does not violate the Fourteenth Amendment' "].)

II

*Sentencing Errors*

We agree with the parties that the trial court improperly sentenced defendant to concurrent terms on counts 2 and 4 in the 2011 case without staying execution of sentence. When the trial court originally sentenced defendant in that case, it stayed the sentences on counts 2 and 4 pursuant to Penal Code section 654. (*Boles, supra*, C084971.) As we explained in our prior opinion, when, as here, probation is granted and sentence has been imposed but its execution suspended, the trial court must order the exact sentence into effect upon revocation of probation. (*Ibid.*; see also *People v. Scott* (2014) 58 Cal.4th 1415, 1423-1424; *People v. Howard* (1997) 16 Cal.4th 1081, 1088.)

Because the sentencing errors only involve the failure to stay execution of sentence on two counts, remand for resentencing is unnecessary, as the errors result in an unauthorized sentence that does not affect the other components of defendant's sentence. (See *People v. Hester* (2000) 22 Cal.4th 290, 295 ["a court acts in excess of its

15

jurisdiction when it fails to stay execution of a sentence under [Pen. Code] section 654"].) When errors in a sentence involve "only a question of law," due process does not require the court to hold a resentencing hearing to correct them. (*People v. Shabazz* (1985) 175 Cal.App.3d 468, 474 [trial court did not error in correcting unauthorized sentence without holding a hearing].) Accordingly, rather than remand for resentencing, we will modify the judgment to reflect that execution of sentence was stayed on counts 2 and 4 in the 2011 case pursuant to Penal Code section 654, and direct the trial court to amend the 2020 sentencing minute order to show this modification. (See *People v. Alford* (2010) 180 Cal.App.4th 1463, 1473 [modifying the judgment to correct unauthorized sentence by imposing and staying sentence rather than remanding for resentencing where record clearly indicated the sentence the trial court would impose]; *People v. Quintero* (2006) 135 Cal.App.4th 1152, 1156, fn. 3 [vacating unauthorized sentence and modifying judgment rather than remanding for resentencing where record clearly reflected trial court's intention], disapproved on another ground as stated in *People v. Poisson* (2016) 246 Cal.App.4th 121, 125.)

III

*Custody Credits*

We agree with the parties that the trial court erred in refusing to recalculate custody credits when it resentenced defendant. When, as here, an appellate remand results in modification of a felony sentence during the term of imprisonment, the trial court must calculate the actual time the defendant has already served and credit that time against the sentence imposed at resentencing. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 37 ["the trial court, having modified defendant's sentence on remand, was obliged, in its new abstract of judgment, to credit him with all *actual* days he had spent in custody, whether in jail or prison, up to that time"].) We will remand with directions to the trial court to determine, with input from the parties, the number of actual days defendant had

16

served at the time of resentencing and prepare an amended abstract of judgment reflecting his total custody credits.

## IV

### *Clerical Error*

We agree with the parties that the 2020 sentencing minute order contains a clerical error that must be corrected. When there is a discrepancy between the oral pronouncement of judgment and the sentencing minute order, the oral pronouncement controls. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185-186.) It is well settled that appellate courts may correct clerical errors in a minute order that do not accurately reflect the oral pronouncement of judgment. (*Id.* at pp. 185-187; *People v. Contreras* (2009) 177 Cal.App.4th 1296, 1300, fn. 3.) The 2020 sentencing minute order incorrectly states that defendant's conviction on count 4 in the 2011 case was for a violation of Penal Code section 148, subdivision (a)(1). The record reflects that defendant was convicted of violating section 11379, subdivision (a). We will direct the trial court to correct this clerical error. Because the error does not appear in in the abstract of judgment, the abstract need not be modified in this regard.

## V

### *Remedy for Unauthorized Sentence*

As we have explained, we agree with defendant that he is entitled to the ameliorative benefits of Senate Bill No. 180. We need not address the applicability of *People v. Stamps* (2020) 9 Cal.5th 685, 705-709 to this case because we agree with the Attorney General that *Stamps* is not on point to this case.[7] Here, defendant pleaded guilty to all counts and admitted all enhancement allegations in the 2011 case in an open plea; he was sentenced to the maximum possible term of imprisonment. Thus, we will

---

[7] Defendant did not address *Stamps* in his briefing.

17

simply strike the enhancement and affirm the judgment as modified. (See *People v. Gastelum* (2020) 45 Cal.App.5th 757, 772 ["where, as here, an enhancement is erroneously imposed and the trial court has already imposed the maximum possible sentence, a remand for resentencing is unnecessary"]; *People v. Francis* (2017) 16 Cal.App.5th 876, 887 [remand unnecessary where court imposed the maximum possible sentence and could not alter sentence following modification of judgment].)

## DISPOSITION

The judgment is modified to strike the two three-year enhancements (§ 11370.2) imposed in the 2011 case and to stay the sentences on counts 2 and 4 in the 2011 case (Pen. Code, § 654). The matter is remanded with directions to the trial court to recalculate custody credits, amend the 2020 sentencing minute order consistent with this opinion, and prepare an amended abstract of judgment with a certified copy provided to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

/s/

Duarte, J.

We concur:

/s/

Blease, Acting P. J.

/s/

Robie, J.

18